FILED

CLERK OF COURT

2026 APR 20 PM 3: 28

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

TARVIS KERMAN MELSIOR,
DOB: 04/29/1993

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF0310-21
GPD Report No. 21-15165

**DECISION & ORDER
RE. DEFENDANT'S MOTION
TO DISMISS**

This matter came before the Honorable Alberto E. Tolentino on February 5, 2026, for a Motion Hearing. Defendant Tarvis Kerman Melsior ("Defendant") was present with counsel Public Defender Earl Espiritu. Assistant Attorney General Samuel Alexander was present for the People of Guam ("People"). At the hearing, the court addressed the parties' arguments regarding the Defendant's Motion to Dismiss, which was filed on December 11, 2025. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** the Defendant's Motion to Dismiss.

### BACKGROUND

Based on events that occurred on or about June 24, 2021, the Defendant was charged with VEHICULAR NEGLIGENCE (As a 3rd Degree Felony) and DRIVING WHILE IMPAIRED (As a Misdemeanor). *See* Indictment (July 13, 2021).

The court originally scheduled Jury Selection and Trial for December 1, 2021, pursuant to the Defendant's assertion of speedy trial. *See* Criminal Trial Scheduling Order (Oct. 21, 2021).[1] When the Defendant filed his written waiver of speedy trial, the court vacated the Pre-Trial Conference and Jury Selection and Trial dates. *See* Waiver (Nov. 4, 2021); *see also* Mot. Hr'g Mins. at 10:17:08AM (Nov. 9, 2021).

After setting the second trial date for April 27, 2022, the court continued the December trial date after the parties filed a Stipulation to Continue Jury Selection and Trial. *See* Amended Criminal Trial Scheduling Order (Nov. 17, 2021); *see also* Stipulation (Apr. 26, 2022). In light of this, the court issued a third date for Jury Selection and Trial to commence on September 28, 2022. *See* Amended Criminal Trial Scheduling Order (May 13, 2022). At a later Further Proceedings, the court vacated the September trial date after the parties represented to the court that negotiations were underway. *See* Further Proceedings Mins. at 9:20:13AM (Sep. 13, 2022).

The parties were before the court on April 14, 2023, after the Probation Services Division filed a violation against the Defendant. *See* Further Proceedings Mins. at 2:44:20PM (Apr. 14, 2023). After addressing this violation, the next hearing in this case was a Further Proceedings on September 10, 2025. The Defendant filed his Motion to Dismiss on December 11, 2025, which led the People to file its Opposition on December 29, 2025.

Upon receipt of the pleadings, the court scheduled a Motion Hearing on February 5, 2026, to address the parties' arguments on the Motion to Dismiss. After hearing arguments, the court took the matter under advisement.

\\

\\

---

[1] In accordance with the forty-five (45) day period to assert speedy trial under 8 GCA § 80.60(a), the last day to bring the Defendant to trial was November 29, 2021.

## DISCUSSION

Although the Defendant waived his right to statutory speedy trial, he argues that his case "laid dormant for *over two (2) years* without hearing." Def.'s Mot. Dismiss (Dec. 11, 2025). Because of the delay, the Defendant now seeks the dismissal of his case under 8 GCA § 80.70(b). "If there is unnecessary delay in bringing a defendant to trial, the court, on its own motion, may dismiss the indictment, information or complaint." 8 GCA § 80.70(b). Before the court can dismiss this case under 8 GCA § 80.70(b), it must first determine whether the delay in this case was unnecessary enough to find a constitutional violation of the Defendant's right to speedy trial.

The Sixth Amendment protects the right to a speedy and public trial in all criminal prosecutions against the accused. *See* U.S. Const. amend. VI. For U.S. citizens residing in Guam, "[t]he Sixth Amendment to the United States Constitution, incorporated by the Organic Act of Guam, guarantees the accused the 'right to a speedy and public trial.'" *People v. Mendiola*, 2023 Guam 12 ¶ 21 (citing U.S. Const. amend. VI; 48 U.S.C.A. § 1421b(g); 8 GCA § 1.11(a) (2005)).

The Guam Supreme Court has previously determined whether a person's constitutional right to speedy trial was violated when considering the following factors under *Barker v. Wingo*: (1) the length of the delay; (2) the cause of the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the presence or absence of prejudice resulting from the delay. *People v. Mendiola,* 2015 Guam 26 ¶ 13 (quoting *Barker v. Wingo*, 407 U.S. 514, 530-33 (1972)). This court will now review the *Barker* factors to determine whether the Defendant's constitutional right to a speedy trial was violated.

### A. The Length of the Delay

The first *Barker* factor to review is the length of delay in this case. "The length of the delay is measured from the point of arrest or indictment until trial." *People v. Naich*, 2013 Guam 7 ¶ 50

(citing *People v. Flores*, 2009 Guam 22 ¶ 43). Until there is delay that is presumptively prejudicial, there is no need for inquiry into or balancing of the other *Barker* factors. *See Barker*, 407 U.S. at 530. The more serious or complex the charge, the greater the length of delay that will be tolerated. *Id.* at 530–31.

While there is no exact amount of time that constitutes as prejudicial, the Guam Supreme Court has previously found delays of four (4) and six (6) years to be prejudicial enough to warrant examination of the other *Barker* factors. *See Flores*, 2009 Guam 22 ¶¶ 43-44; *see also People v. Mendiola*, 1999 Guam 8 ¶ 24. However, the Court has also held that an eighteen-month delay did not rise to the level of a constitutional violation when much of that time was attributable to the defendant. *See Naich*, 2013 Guam 7 ¶ 57.

The Defendant argued that there was a delay of more than two (2) years, during which the Government made no attempts to either bring this matter to trial or resolve without trial. *See* Def.'s Mot. Dismiss at 3. In this case, the Defendant was arrested on June 24, 2021, and charged via Magistrate's Complaint the following day. *See* Magistrate's Compl. (June 25, 2021). The court set the matter for trial on three separate dates before the parties eventually agreed to vacating each date: December 1, 2021; April 27, 2022; and September 28, 2022. Because this case has not gone to trial, the court notes that it has been almost five (5) years between the time he was arrested and the filing of his Motion to Dismiss. Although the Defendant was released at his first appearance before the court on June 25, 2021, the court finds that the length of this delay is presumptively prejudicial enough to warrant further review of the other *Barker* factors.

**B. The Cause of the Delay**

Under the second *Barker* factor, the court must review the People's reasons for the delay in bringing the Defendant to trial. In comparison to "[a] deliberate attempt to delay trial in order

to hamper the defense," a more neutral reason for the People's delay is weighed less heavily but still requires consideration. *Mendiola*, 1999 Guam 8 ¶ 61 (quoting *Barker*, 407 U.S. at 531).

In his Motion to Dismiss, the Defendant argues that there was no legitimate reason for this delay when it made no attempt to bring this case to trial or resolve without trial. *See* Def.'s Mot. Dismiss at 3. In regards to any causes of delay, the People argue the Defendant does not address "the practicalities of moving forward on the case while Defendant is deployed to the middle east, and now that the case is back on calendar Defendant did not make it to their September hearing, further delaying resolution." Ppl.'s Opp'n (Dec. 29, 2025). However, the Defendant argued that his deployment between 2023 and 2024 was not the reason for this case's delay when there was a two-year delay between the last hearing in 2023 and the next hearing in 2025. *See* Mot. Hr'g Mins. at 11:04:38 – 11:04AM (Feb. 5, 2026); *see also* Def.'s Mot. Dismiss at 3.

When reviewing the parties' arguments and the record of this case, the court does not believe that the Defendant's deployment was the sole reason for the delay. Although his deployment contributed to one year's worth of the delay, the court also vacated each trial date in this case without objection from either side. For instance, the court vacated the first trial date after the Defendant waived his right to speedy trial. *See* Mot. Hr'g Mins. at 10:17:08AM (Nov. 9, 2021). The court vacated the April trial date, because the parties stipulated to continue Jury Selection and Trial. *See* Stipulation (Apr. 26, 2022). Lastly, the court vacated the September trial date after the parties represented to the court that negotiations were underway. *See* Further Proceedings Mins. at 9:20:13AM (Sep. 13, 2022). Therefore, the court finds that this factor weighs against the Defendant.

\\

\\

## C. The Defendant's Assertion of his Right to a Speedy Trial

This next factor calls this court to consider the Defendant's assertion of speedy trial. In order to successfully argue that a Sixth Amendment violation has occurred, a defendant bears the responsibility to proactively assert a speedy trial claim. *See Mendiola*, 1999 Guam ¶ 29 (citing *Barker*, 407 U.S. at 529). "[F]ailure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker*, 407 U.S. at 532. Although a defendant's assertion of speedy trial is entitled to strong evidentiary weight, the court must exercise its judicial discretion, viewing that assertion in light of that defendant's other conduct. *See Flores*, 2009 Guam ¶ 47 (citing *United States v. Loud Hawk*, 474 U.S. 302, 314 (1986)).

The People argued that the Defendant's absence of eagerness to assert speedy trial should be weighed against him when considering this third factor. *See* Ppl.'s Opp'n at 3. Although the Defendant asserted his statutory right to speedy trial at arraignment on October 13, 2021, he filed his written waiver of speedy trial less than one month later. *See* Arraignment Hr'g Mins. at 11:36:40AM (Oct. 13, 2021); *see also* Waiver (Nov. 4, 2021). The court acknowledges the Defendant's references to his several requests for an offer in this case. Since his waiver at arraignment, the Defendant has had the opportunity to assert his right to speedy trial again if that was how he intended his case to move forward.[2] In light of the Defendant's other conduct, the court finds that this factor weighs against him.

## D. The Presence or Absence of Prejudice Resulting from the Delay

The last factor for the court to review is whether the Defendant suffered any prejudice due to the delay in this case. An "[i]nordinate delay between public charge and trial" may (1) prejudice "a defense on the merits"—such as through the deterioration of crucial evidence, unavailability of

---

[2] It is noteworthy that the Defendant waived his right to speedy trial after twenty out of his forty-five days to bring trial lapsed.

witnesses, or subversion of the defendant's ability to prepare for trial—or (2) seriously prejudice "defendant's liberty, . . . disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *People v. Corpuz*, 2019 Guam 1 ¶ 25; *United States v. Bert*, 814 F.3d 70, 82 (2d Cir. 2016) (quoting *United States v. Taylor*, 487 U.S. 326, 340-41 (1988)) (explaining prejudice to defendant may come in trial prejudice or non-trial prejudice); *People v. Aromin*, 2014 Guam 3 ¶ 24. Because this case did not go to trial, the court will examine the existence of any non-trial prejudice against the Defendant.

Despite the four-year age of this case, the Defendant cites his many accomplishments within this period, including completion of Substance Abuse Prevention Program and Driving With Care Program, and graduation from the University of Guam with a Bachelor's Degree in Criminal Justice in 2022. *See* Def.'s Mot. Dismiss at 3–4. At the Motion Hearing, the Defendant also vocalized these accomplishments in spite of the amount of time that has passed in this case. *See* Mot. Hr'g Mins. at 11:04:38 – 11:04AM.

Without more, the court is not convinced that the Defendant has been so prejudiced by the delay to warrant his case's dismissal. Therefore, the court finds that this factor weighs against the Defendant. Because majority of the factors under *Barker* weigh against the Defendant, the court finds that there was no violation of his constitutional right to speedy trial. Therefore, the court finds that the delay in this case does not warrant dismissal at this time.

\\

\\

\\

\\

**CONCLUSION**

For reasons stated above, the court hereby **DENIES** the Defendant's Motion to Dismiss.

A Further Proceedings is scheduled before this court on May 29, 2026, at 2:00PM.

**SO ORDERED** _____ **APR 2 0 2026** _____.



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

_AG , PDSC_

Date: _4/20/26_ Time: _3:32 p_

_Antonio R Cruz_
Deputy Clerk, Superior Court of Guam